# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **REBECCA ANNE PETERS,** *on behalf of herself and all others similarly situated*, <br><br> **Plaintiff,** <br><br> v. <br><br> **TRANS UNION, LLC,** <br><br> **Defendant.** | CASE NO. <br><br> 2:17-cv-01273-MHH <br><br> <u>CLASS ACTION</u> |

### REPORT OF THE PARTIES' RULE 26(f) CONFERENCE

1. Pursuant to Fed. R. Civ. P. 26(f), on December 14, 2017, a meeting between counsel for all parties was attended by:

   a. Micah S. Adkins, attorney for Plaintiff Rebecca Anne Peters ("Plaintiff"); and

   b. Alisa M. Taormina, Brian Frontino, and Alan Leeth, attorneys for Defendant Trans Union, LLC ("TransUnion").

**Nature of the Case**.

**Plaintiff's summary**: Plaintiff brings her class action claims against TransUnion under the Fair Credit Reporting Act, 15 U.S.C. §§ 1681, *et seq*. ("FCRA") related to the defendant's reporting of false and derogatory information on Plaintiff's credit reports, including inaccurate public record information relating

to public records, including a judgment. The FCRA provides: "Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b). Plaintiff contends, TransUnion's conduct was the result of its deliberate policies and practices, carried out in reckless disregard for Plaintiff's and the putative class members' rights as set forth in section 1681e(b) of the FCRA

TransUnion also routinely fails to report accurate information about judgments, including the most up-to-date status. TransUnion also routinely fails to remove judgments from consumers' reports when those judgments have become nullities. For example, in 2016 and 2017, TransUnion delivered reports about Ms. Peters to multiple end users, each of which used TransUnion's report to evaluate Ms. Peters' creditworthiness. After the judgment was satisfied, TransUnion continued to report the judgment to several existing and potential creditors resulting in a negative impact on Plaintiff's credit standing regarding these transactions.

With respect to Ms. Peters, on or about March 29, 2011, judgment was entered against Ms. Peters in favor of Corporate Billing, Inc. (hereafter "Corporate Billing") in Dale County, Alabama case number DV10-241, and in the original amount of $5,207.51. However, on or about August 1, 2016, the full amount of the

judgment was paid directly to Corporate Billing. Accordingly, on or about September 14, 2016, a Satisfaction of Judgment was filed in Dale County, Alabama case number DV10-241.

Notwithstanding, on or about June 12, 2017, Ms. Peters requested and received a copy of her personal credit report from TransUnion. The TransUnion credit report contained inaccurate information, including but not limited to, reporting that Ms. Peters allegedly had an outstanding civil judgment lodged against her in the amount of $5,207. The civil judgment information TransUnion included on Ms. Peters' report was woefully deficient because the civil judgment had been paid and satisfied more than eight months earlier. Despite the authorization to cancel judgment being recorded in the public record, and pursuant to its usual and systematic practice, Defendant did not update its records to show that the civil judgment had been paid and satisfied.

As a result of TransUnion's non-compliance, Plaintiff seeks damages, including statutory damages of $1,000 per violation, actual damages and punitive damages, costs and attorneys' fees.

**Defendant's summary**:

TransUnion denies Plaintiff's allegations, including that it reported any inaccurate information about Plaintiff. TransUnion further denies that class treatment is appropriate in this action. Accordingly, TransUnion denies that

3

Plaintiff is entitled to relief, on her own behalf, or on behalf of a putative class of similarly-situated person.

TransUnion readopts and realleges its affirmative defenses from the answer and affirmative defenses filed in response to Plaintiffs' Complaint as if fully set forth herein. In making this statement, TransUnion does not waive any defenses and reserves the right to supplement this statement as this case and the facts may develop.

2. **Discovery Plan**.  The parties propose the following discovery plan:

   a. **Scope of Discovery**:  Without waiver of objections, discovery will be needed with respect to all claims and defenses asserted by the parties, as well as issues related to Rule 23 class certification.

   b. **Commencement and Completion of Discovery**:

**The parties are not in agreement as to the discovery plan**:

**Plaintiff Proposes**:

Plaintiff proposes a standard discovery track and she is opposed to bifurcation of discovery. Instead, Plaintiff proposes discovery on class composition, Rule 23 elements, and merits, with a deadline to complete all discovery by **August 20, 2018**.

**Defendant Proposes**:

The parties are authorized to commence discovery immediately after the filing of this Report of the Parties' Planning Meeting, which will proceed pursuant to a bifurcated discovery schedule.  All discovery on the issues of the claims of the named Plaintiff and the requirements for class certification under Fed. R. Civ. P. 23 will be commenced in time to be completed by **June 20, 2018**.  Discovery unrelated to this initial phase of discovery, such as inquiries concerning the merits of putative class members' claims or putative class members' alleged damages, will take place (if appropriate) only after class certification is decided.

4

Accordingly, within fourteen (14) days of the Court's decision on class certification, the parties will confer regarding a proposed discovery plan and scheduling order for this phase of the case and will file a joint report with the Court.

    c. **Initial Disclosures**. The parties will exchange by **December 22, 2017**, the Initial Disclosures required by Rule 26(a)(1), including the production of non-confidential documents.

    d. **Interrogatories**: With respect to the number of interrogatories, the parties agree that each party may serve on any other party no more than <u>twenty-five (25)</u>, including all discrete subparts.

    e. **Requests for Production**: With respect to the number of requests for production of documents, the parties agree that no deviation from Rule 34 or the Court's Local Rules is necessary. If documents are withheld on the basis of an asserted privilege, a privilege log should be produced within 14 days of the document production.

    f. **Requests for Admission**: With respect to the number of requests for admission, the parties disagree:

    **Defendant proposes** that each party may serve on any other party no more than <u>twenty-five (25)</u>.

    **Plaintiff proposes** no deviation from Rule 36. In the event the Court decides to impose a limitation, Plaintiff proposes a maximum of **forty-five (45)** requests may be served on either party.

    g. **Depositions**: The parties agree to a maximum of ten (10) depositions for Plaintiff and ten (10) depositions for Defendant. With respect to depositions, unless the parties agree otherwise, the parties agree to the following:

- Each deposition shall be limited to one day of seven hours. However, the parties recognize that a deviation from this rule may be necessary for depositions directed to an organization depending upon the agreed-upon topics of inquiry and the number of witnesses designated

       by the organization to testify on behalf of the organization with respect to such topics of inquiry. In the event that a party believes that deviation from this rule is necessary, the parties shall confer in good faith to resolve the issue without court action. If the parties are unable to resolve the dispute, the party seeking a deviation from this rule may request relief by filing a motion with the Court; and

- Nothing shall prevent a party from objecting to a deposition and seeking a protective order under Rule 26(c)(1), including a claim that the deposition is unreasonable, burdensome, treads on privileged communications or documents, or the testimony of the witness requested to be deposed would be the same or duplicative of other witnesses, or a claim that a high-level corporate official does not have unique or superior personal knowledge.

  h. **Dates for Exchanging Reports of Expert Witnesses**: The parties are not in agreement as to the deadlines for expert disclosures.

Reports from retained experts under Rule 26(a)(2) are due as follows:

**Plaintiff Proposes:**

- *Plaintiff*: **May 4, 2018** and rebuttal experts shall be disclosed in accordance with Rule 26(a)(2)(D)(ii).

- *Defendant*: **June 4, 2018** and rebuttal experts shall be disclosed in accordance with Rule 26(a)(2)(D)(ii).

- Rebuttal experts shall be disclosed in accordance with Rule 26(a)(2)(D)(ii).

**Defendant Proposes**:

- *Plaintiff*: **April 2, 2018** for experts (if any) to be used in connection with class certification. A proposed deadline for exchanging reports from non-class experts (if any) retained by Plaintiff will be included in the joint report

6

30896154 v1

filed by the parties within fourteen (14) days of the Court's decision on class certification.

- *Defendant*: **May 2, 2018** for experts (if any) to be used in connection with class certification. A proposed deadline for exchanging reports from non-class experts (if any) retained by Defendant will be included in the joint report filed by the parties within fourteen (14) days of the Court's decision on class certification.

  i. **Supplementing Disclosures and Responses under Rule 26(e)**: Any supplementation of disclosures and responses shall be due as required under Rule 26(e).

3. **Other Items**.

   a. **Scheduling Conference**: The parties do not request a scheduling conference prior to the entry of a scheduling order, but will make themselves available should the Court decide to order such conference.

   b. **Pretrial Conference**: The parties do request a pretrial conference. A proposed date for the pretrial conference will be included in the joint report filed by the parties within fourteen (14) days of the Court's decision on class certification.

   c. **Joinder of Parties or Amendments to Pleadings**: Plaintiff is allowed until **January 26, 2018** to join additional parties or amend the pleadings. Defendant is allowed fourteen (14) days thereafter to join additional parties or amend the pleadings.

   d. **Motion for Class Certification**: The parties disagree as to the deadline for class certification.

   Plaintiff proposes:

   Plaintiff's motion for class certification is due to be filed on or before **October 19, 2018**. Defendant's opposition shall be due thirty (30) days after such motion is filed, and Plaintiff's reply shall be due fourteen (14) days after Defendant's opposition is filed.

7

30896154 v1

Defendant proposes:

Defendant's motion for class certification is due to be filed on or before **July 18, 2018**. Defendant's opposition shall be due <u>thirty (30) days</u> after such motion is filed, and Plaintiff's reply shall be due <u>fourteen (14) days</u> after Defendant's opposition is filed.

e. **Dispositive Motions**: The Parties disagree as to the deadline for dispositive motions.

**Plaintiff proposes**: The deadline for dispositive motions should be **October 19, 2018**.

**Defendant proposes**: The Parties are permitted (but are not required) to file dispositive motions during the initial phase of discovery. A proposed deadline for dispositive motions will be included in the joint report filed by the parties within fourteen (14) days of the Court's decision on class certification.

f. **Prospects for Settlement**: The parties have already held mediation in similar, related matters (which potentially could have resolved this action) and continue to discuss settlement, but are unable to evaluate the likelihood of settlement at this time. Nevertheless, the parties will promptly notify the Court of any settlement agreement reached in the case.

g. **Alternative Dispute Resolution**: Given the parties' recent unsuccessful settlement attempts, the parties at this time do not request mediation, a settlement conference, or any other form of alternative dispute resolution pursuant to this Court's Alternative Dispute Resolution Plan.

h. **Pretrial Disclosures**: Final lists of witnesses and exhibits under Rule 26(a)(3)(A) shall be due thirty (30) days before trial.

i. **Objections to Pretrial Disclosures**: The parties shall have fourteen (14) days after service of final lists of witnesses and exhibits to make any objections under Rule 26(a)(3)(B).

j. **Suggested Trial Date and Estimated Trial Length**: The parties disagree as to the trial date.

**Plaintiff proposes**: The case should be trial ready by January 28, 2019.

**Defendant proposes**:

The parties will propose a trial date in the joint report filed within fourteen (14) days of the Court's decision on class certification. The estimated time for trial will depend on the Court's decision on class certification. A jury trial has been demanded in this case.

k. **Other Matters**:

- *Magistrate Judge Jurisdiction*: The parties do not consent to Magistrate Judge jurisdiction under 28 U.S.C. § 636(c).

- *Privileged Material*: The parties agree regarding claims of privilege or of protection as trial-preparation material asserted after production as follows: Inadvertent disclosure of information protected by the attorney-client and/or work-product privilege shall not constitute a waiver of an otherwise valid claim of privilege. A party that receives privileged information shall return it to the other party immediately upon discovery of the privileged information and without retaining a copy

- *Protective Order*: The parties anticipate that confidential and sensitive information may be sought during discovery. As a result, the parties desire the entry of a protective order by the Court, but agree that such request does not operate as a waiver of any objections that the parties may have to specific discovery requests, nor constitutes acquiescence by any party to the disclosure of information or documents sought during discovery. On December 15, 2017, Plaintiff drafted and circulated a proposed protective order, which Defendant will provide comment on.

30896154 v1

Respectfully submitted this 18th day of December, 2017.

<div style="display:flex">
<div>

/s/ Micah S. Adkins
Micah S. Adkins (ASB-8639-I48A)
THE ADKINS FIRM, P.C.
7100 Executive Center Drive, Suite 110
Brentwood, Tennessee 37027
Telephone: (615) 370-9659
Facsimile: (615) 370-4099
MicahAdkins@ItsYourCreditReport.com

James A. Francis *(pro hac vice)*
John Soumilas *(pro hac vice)*
FRANCIS & MAILMAN, P.C.
Land Title Building
100 South Broad Street, 19th Floor
Philadelphia, Pennsylvania 19110
T: 215.735.8600
F: 215.940.8000
jfrancis@consumerlawfirm.com
jsoumilas@consumerlawfirm.com
*Attorneys for Plaintiff*
REBECCA ANNE PETERS

</div>
<div>

/s/ Alan D. Leeth
Alan D. Leeth (LEE038)
Ryan J. Hebson (HEB003)
Rachel R. Friedman (FRI045)
BURR & FORMAN LLP
420 North 20th Street, Suite 3400
Birmingham, AL 35203
Telephone: (205) 251-3000
Fax: (205) 244-5670
aleeth@burr.com

Stephen J. Newman (*pro hac vice*)
STROOCK & STROOCK & LAVAN LLP
2029 Century Park East, Suite 1600
Los Angeles, CA 90067
Telephone: (310) 556-5800
Fax: (310) 556-5959
snewman@stroock.com
lacalendar@stroock.com

Brian C. Frontino (*pro hac vice*)
Alisa M. Taormina (*pro hac vice*)
STROOCK & STROOCK & LAVAN LLP
200 S. Biscayne Blvd., Suite 3100
Miami, FL 33131
Telephone: (305) 358-9900
Fax: (305) 789-9302
bfrontino@stroock.com
ataormina@stroock.com

Attorneys for Defendant
TRANS UNION, LLC

</div>
</div>

## **CERTIFICATE OF SERVICE**

I certify that on December 18, 2017, I filed the foregoing paper using the CMECF System, which will send electronic notice of same to the following counsel of record:

Alan Leeth
Rachel R. Friedman
Ryan J. Hebson
BURR & FORMAN, LLP
420 North 20th Street, Suite 3400
Birmingham, AL  35203

Stephen J. Newman
STROOCK & STROOCK & LAVAN LLP
2029 Century Park East, Suite 1600
Los Angeles, CA 90067

Brian C. Frontino, Esq.
Alisa M. Taormina, Esq.
STROOCK & STROOCK & LAVAN LLP
200 S. Biscayne Blvd., Suite 3100
Miami, FL 33131

*/s/ Micah S. Adkins*
Micah S. Adkins